JOSEPH A. KEATING v. PRUDENTIAL CASUALTY COMPANY.[1]

June 28, 1918.

No. 20,915.

**Libel — publication not privileged — malice in fact.**

In this action for libel, it is *held*:

(1) That the language used, though not libelous when considered by itself, unexplained by the surrounding circumstances, if naturally understood by persons to whom it was published as charging plaintiff with crime or as otherwise defamatory, is libelous. The evidence sustains a finding that the language would naturally be so understood by such persons.

(2) The publication was not privileged as a matter of law, and the evidence justified a finding of lack of good faith on defendant's part, and want of reasonable ground for belief in the truth of the charge made.

(3) The evidence justified a finding of malice in fact.

Action in the district court for Ramsey county to recover $5,000 for libel. The answer alleged that the letter of May 16, 1917, was written for the sole purpose of preserving and promoting defendant's business interests and to encourage former policyholders either to continue or

[1]Reported in 168 N. W. 178.

renew their connection with defendant. The case was tried before Hanft, J., who when plaintiff rested denied defendant's motion to dismiss the action, and at the close of the testimony, defendant's motion for a directed verdict, and a jury which returned a verdict for $500. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Moore, Oppenheimer & Peterson,* for appellant.

*John J. Keefe,* for respondent.


BUNN, J.

This action to recover damages for libel resulted in a verdict for plaintiff in the sum of $500. Defendant appealed from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

The facts are as follows: For some years prior to May 16, 1916, plaintiff was the agent of defendant for St. Paul and the southern part of Minnesota, with authority to solicit health and accident insurance, make collections of premiums and remit the same to defendant less his commissions. In March, 1916, defendant employed another agent for this territory, but after some correspondence with plaintiff permitted him to continue to collect premiums, and to solicit insurance under the new agent. Premiums were payable monthly, but policyholders were allowed to pay in advance for several months, and many of them did so. Plaintiff reported to defendant each month the collections made by him, as well as the policies upon which collections had not been made, and remitted the amount collected less his commissions. May 12, 1916, plaintiff reported and remitted for collections made in May. The report showed an unusually large number of policyholders who had not paid their premiums for May. May 15 defendant wrote plaintiff complaining that he was not looking after its collections, and canceling its contract with him. May 16 defendant sent to its policyholders the letter that is claimed to contain the libel complained of. The alleged libel is in the first sentence of the letter, as follows:

"We note that your premium for the month of May has not been reported by Mr. Keating, and we assume that he has not collected it."

The letter advises that Mr. Koop has succeeded Mr. Keating, and that

future premiums should be mailed either to him or to the home office. Insofar as this letter was mailed to policyholders who had not paid their premiums for May, it is admitted that it is not libelous. But it was also mailed to those policyholders who had during the year past paid their premiums in advance, including those for May, 1916. There were a number of these policyholders, and the claim is that, from the statement that their premiums had not been reported by plaintiff, they would naturally understand that plaintiff had appropriated the amount to his own use. Plaintiff had in fact remitted to defendant for all premiums collected by him, and defendant knew that the May premiums had been paid by the policyholders who had so paid in advance, and to whom the letter was sent.

It is not controverted that the language of the letter, considering it alone and without reference to the circumstances, is not libelous. But it is well settled that if the words have a defamatory meaning when the connection in which they were used and the surrounding circumstances are considered, they are actionable. If the words, though innocent when unexplained, are naturally understood by those to whom the publication is made as defamatory, as for instance, charging a crime, they are libelous. Traynor v. Sielaff, 62 Minn. 420, 64 N. W. 915. We do not understand that counsel for defendant disputes this, but they claim that, even considering the circumstances surrounding the matter, the words of the letter are not capable of the meaning that plaintiff was charged with having collected the premiums and appropriating them to his own use. The question is not what defendant intended to charge, but what the recipients of the letter who had paid plaintiff their premiums would naturally understand the words as charging. This question was submitted to the jury by the trial court, and we think rightly so. And we think the decision of the jury that such recipients would naturally infer that the premiums they had long before paid to plaintiff must have been appropriated by him to his own use is amply justified. Aside from this being a most natural inference, there is evidence that certain policyholders who received the letter did draw this inference.

It is contended next that the letter was a privileged communication. It was if sent by defendant in good faith and with reasonable grounds for believing that the payment of the premiums had not been reported

by plaintiff. But the evidence made these questions for the jury, and is sufficient to sustain the decision of that tribunal thereon. As said before, plaintiff had in fact promptly reported the collection of these premiums, and defendant knew this.

Defendant claims there was no evidence of malice in fact, so as to permit the recovery of punitive damages. The jury might have found that defendant was not actuated by malice, that the sending of the letter was merely a mistake, but we cannot hold that the evidence would not permit a finding of actual malice. The correspondence in relation to plaintiff's discharge, and as to whether he had a right to commissions on premiums when he had procured the business, tends to show that the best of feeling between plaintiff and defendant did not exist. Considering this evidence and the nature of the letter, we are not disposed to interfere with the verdict after the trial court has approved it.

The case was fairly tried, and the questions submitted under correct instructions. The evidence is such that the verdict is final.

Order affirmed.